Thank you. Good morning. May it please the court and counsel. I'm going to try to confine my remarks to about five minutes. I want to start out by noting that I wish, as to the alleged Brady violation and the alleged NAPU violation, I wish to submit those without further argument and simply acknowledge for the record that I recognize that there is a lack of record, a lack of competent evidence, and I recall from being assisting counsel in the trial that there were many instances where those conflicts were argued by Mr. Goodwin as part of his argument to the jury and apparently rejected. Counsel, is that your daughter with you in court today? That is opposing counsel's daughter. Oh, well, that's interesting. I've always been interested to see this because my father was a lawyer, and from a rather early age he took me to court, and so I knew I was going to be a lawyer by the time I was about seven years old. I couldn't get my daughter to accompany me. So, Mr. Huss, as I understand it, the arguments are basically advanced at the request of Mr. Goodwin, and so we should consider them as set forth. I wouldn't say they're abandoned. I know you're not abandoning them, but I think I understand what you're saying. I think we acknowledge the reality of what happened. Okay. And I appreciate your candor. That's fine. What I wanted to do was focus on the one remaining issue of significance, the loss issue at San Juan, and simply point out that, as I recall, this issue was raised in a formal objection. After that, Mr. Goodwin did his own objection, which is understandable if you've read the trial record, but I don't think he intended to supersede the formal objections that were filed. Well, the district court did ask him on the record whether he was pursuing the objections in the August communication, and he said no. So what do we make of that? I don't think he understood that to mean the loss. Quite frankly, the sentencing got continued so many times, I think he lost track of all of the legal issues and probably didn't understand really the meaning of the question. It was always intended to be pursued as an issue, and notwithstanding how he dealt with it, I still think the court had an obligation to be consistent in applying the loss calculation rules, and here I believe that it results in a compounding of the loss determination, which would have affected the ultimate sentence, and so for that reason, I'm asking the court to remand the sentencing part for further proceedings on the loss amount. But the problem is if we do that, we're essentially ignoring a pretty clear record, and Mr. Goodwin for better or for worse chose to represent himself, and he was specifically asked, and I mean under any other circumstances, that would be a clear waiver. Well, it's hard to argue with the record, Your Honor. Yes, it is. Okay. The record is what it is. Thank you, Mr. Hudson. Your Honor, may it please the Court, Stanley Boone on behalf of the United States of America. I would like to address the loss issue that Mr. Huss has raised in the case, and while I think the record is clear that the defendant waived that, I want this Court to be assured that there was no error in terms of how the Court calculated the sentence. And I'd like to point out that while there is some confusion as to whether or not the victim in the case was a financial institution, whether the victim was the person whose identity was stolen, or whether the victim was the merchant, frankly, is irrelevant to the loss calculation in this case, because each transaction is calculated. So it's irrespective of the victim analysis and which victim. In other words, the government, in proffering the loss that's set forth for calculation under the sentencing guidelines, went to each transaction. So one transaction could have been, the ultimate victim could have been the merchant, the ultimate victim could have been the financial institution, but we didn't go triple counting. We went to one victim. But as I understand it, you didn't go up two, because you had to look and see in some instances that the individual and the transaction were, needed to be merged.  Matched. Matched. Yes. And what we did was, that's why it's based, the loss is based upon the transaction itself. And in fact, there was a request, and initially the government was pursuing the request for the victim enhancement in this case, and the government withdrew its request for the victim enhancement for that reason, because we did not want to get into an argument as to whether it was 10 identity theft victims and where that ultimate loss went. So we withdrew that request, and in essence played it safe by saying, we did a transaction. That was clear. That was not error. And granted, I agree that it is waived, and I think the record is clear, but I want this Court to be assured that what the government did, and I think that is clear, and there has been no refuting. In other words, our objection, our response, excuse me, Your Honors, our response to the defendant's objection set forth those transactions. In one column, we put the victim, and in the other column, we put the merchant, so that we could be clear in terms of that. Nowhere in the brief or in the appeal has the defendant or the appellant said, hey, you're double counting, you're triple counting with regard to that transaction. So I think you're trial counsel? I was trial counsel, yes. So exactly what is his sentence finally? The sentence was 132 months. The government was requesting an additional four years on top of that. He had been convicted of four counts of 1028, large A, which was the aggravated identity theft. The probation office and the government was strenuously requesting that you apply all four counts consecutive based upon this defendant's criminal history and a variety of other factors which we articulated. The district court carefully considered that, and under the statute, the district court was required to at least run one count consecutive, and the district court obviously did that and then ran an additional count consecutive and then ran the other two counts in its discretion concurrent. So in addition to the guidelines, the court added four years. So carefully considered that analysis. So. Well, Mr. Goodwin is a very interesting character. Yes. Yes. I lived a lot of my life with Mr. Goodwin. Unless there's any other questions, I'll submit it on the record. I thank you for your time. Thank you. Mr. Haase, any further questions? No. Submitted. Thank you very much. All right. The case just argued is submitted.
judges: Fletcher B. , Tallman, Rawlinson